SAILSKY *v.* DETROIT UNITED RAILWAY.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVIDENCE — STREET RAILWAYS—DEATH.

> Whether the driver of a vehicle was guilty of contributory negligence, in crossing a wye track of defendant street railway company in front of a car, relying on an alleged custom of the cars to stop at that crossing, was a question of fact.

2. SAME—STREET RAILWAYS—OPERATION OF CARS.

> The question of the negligence of defendant's motorman in colliding with the wagon on which decedent was riding, *held*, properly submitted to the jury under disputed evidence.

Error to Wayne; Hosmer, J. Submitted April 14, 1913. (Docket No. 58.) Decided July 9, 1913.

Case by Frances Sailsky as administratrix of the estate of Anthony Sailsky, deceased, against the Detroit United Railway for the unlawful killing of decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Joslyn (Frederic T. Harward,* of counsel), for appellant.

*John E. Maloney,* for appellee.

·BIRD, J. Plaintiff's intestate belonged to a gang of men constructing cement work in the city of Detroit. Having completed a job on Trumbull avenue, the men loaded their construction outfit, consisting of tool box, screen, planks, wheelbarrows, bags of cement, etc., onto a wagon and climbed on top of it and started for the next job on Baltimore avenue. To reach that point they drove north on the east side of Greenwood

avenue, and when near the "Y" track which connects the Greenwood avenue line with the Holden avenue line one of the men announced that a car was coming. Cunningham, the driver, who was not as familiar with that locality as his fellows, turned to see where the car was in order to determine whether he could cross the "Y" track in advance of the car, when he was told by his companions to "Go ahead, you can make it, the car stops here." The horses were then on the "Y" track and he drove on, but before the wagon cleared the car ran in on the "Y" and one of the stanchions on the open car engaged the handles on the tool box and threw plaintiff's intestate and the tool box upon which he was sitting to the pavement, injuring him so badly that he died the following day. The negligence complained of was the careless and reckless management of the car. At the close of the proofs the defendant moved for a directed verdict on the grounds that the plaintiff had failed to establish the negligence of the defendant, and because the proofs showed that the driver of the wagon was guilty of contributory negligence. The court declined to control the verdict, but submitted both questions to the jury, who found a verdict for plaintiff. The defendant's assignment of errors are based upon these two propositions:

Was the driver of the wagon negligent? While the driver of the wagon was a comparative stranger to the custom of the cars in that vicinity, his companions, Seldon and Lemke, were familiar with it, and they testified that all cars stopped at this point and then went across the "Y" track and east on Holden. It was also shown by them that the defendant had for some time maintained at this point a car barn, a waiting room for passengers, a large air tank from which the car tanks were refilled, and an office where the conductors filed their reports. In this they

were corroborated by the tradesmen who do business in that vicinity.   It was also shown by several witnesses that it was the custom for all cars to stop there, take air, and receive and discharge passengers, and one witness testified that the motormen and conductors were changed there.   The cars usually stopped on the straight track, but sometimes ran partially in on the "Y."   The testimony as to just where they stopped was more or less in conflict.   If the jury believed the testimony that it was the custom of the cars to stop at this point so as not to impede traffic across the "Y" track, and this custom was known or communicated to the driver, and he relied upon it in attempting to drive over the track in advance of the car, his negligence was one of fact and not of law.

Was the defendant negligent?   The question was in dispute as to whether the car ran into the wagon or the wagon into the car.   The plaintiff's testimony showed that the "Y" track was reached by the wagon first, and that it would have passed in safety had not the car ran in a short distance on the "Y" track.   This testimony was contradicted by the motorman, who testified that the car reached the "Y" track before the wagon did.   The question was clearly one of fact to be considered and determined by the jury, and if they believed plaintiff's version of the affair, they were justified in finding that the car was negligently operated.

We are of the opinion that the trial court disposed of the questions involved in accordance with the rules of law applicable thereto, and the judgment will be affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.